

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-50,961-07

**EX PARTE RODNEY REED, Applicant**

## ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS IN CAUSE NO. 8701 IN THE 21ST DISTRICT COURT BASTROP COUNTY

*Per curiam*. KELLER, P.J., and MEYERS, J., dissented to the stay. NEWELL, J., **not participating.**

## O R D E R

This is a subsequent application for a writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071 § 5.

In May 1998, a jury convicted appellant of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set appellant's punishment at death. This Court affirmed appellant's conviction and sentence on direct appeal. *Reed v. State*, No. AP-73,135

(Tex. Crim. App. Dec. 6, 2000)(not designated for publication). On November 15, 1999, appellant filed his initial post-conviction application for writ of habeas corpus in the convicting court. On February 8, 2001, appellant filed a "Supplemental Claim for Relief on Application for Writ of Habeas Corpus" in the convicting court. This Court subsequently denied appellant relief on his initial application and construed the supplemental claim as a subsequent application and dismissed it. *Ex parte Reed*, Nos. WR-50,961-01 and WR-50,961-02 (Tex. Crim. App. Feb. 13, 2002)(not designated for publication).

Appellant filed his second subsequent habeas application in the convicting court on March 29, 2005. This Court remanded the case to the trial court for the development of two claims. After the case was returned to this Court, we issued an opinion denying relief. *Ex parte Reed*, 271 S.W.3d 698 (Tex. Crim. App. 2008). Over time, appellant filed three more subsequent writ applications, none of which satisfied the requirements of Article 11.071, § 5, and the Court dismissed them. *Ex parte Reed*, Nos. WR-50,961-04 and WR-50,961-05 (Tex. Crim. App. Jan. 14, 2009)(not designated for publication), and No. 50,961-06 (Tex. Crim. App. July 1, 2009)(not designated for publication). Applicant filed this his sixth subsequent application in the trial court on February 13, 2015.

In this application, applicant asserts that he has newly discovered evidence that supports his claim that he is actually innocent, that new scientific evidence establishes his probable innocence pursuant to Article 11.073 of the Code of Criminal Procedure, and that the State presented false, misleading, and scientifically invalid testimony which violates his

right to due process. In a fourth allegation, appellant asserts that we should reconsider his previous writs in light of this new evidence. The Court orders applicant's execution stayed pending further order of this Court.

IT IS SO ORDERED THIS THE 23RD DAY OF FEBRUARY, 2015.

Do Not Publish